IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SHASTA R SPRAWLS**                                                                                   **PLAINTIFF**

V.                                    CASE NO. 4:22-CV-00421-LPR

**KILOLO KIJAKAZI**, Acting Commissioner,
Social Security Administration                                                                        **DEFENDANT**

# ORDER

Before the Court is Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1] Plaintiff requests an award of $7,813.75, representing 33.25 hours of work performed during the years 2022 and 2023, at an hourly rate of $235. Plaintiff has submitted information from the U.S. Department of Labor's Consumer Price Index (CPI) as support for the hourly rate requested.[2] The Commissioner has filed a response.[3] She concedes that a fee award is proper, but objects to the number of hours expended on this case. For the reasons discussed below, Plaintiff's motion is GRANTED in part.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney fees and expenses unless the Court determines that the Commissioner's position was "substantially justified" or special circumstances would make an award unjust.[4] After carefully

---

[1] Pl.'s Mot. for Attorney Fees (Doc. 14).

[2] *See* Docs. 14–2, 14–3, 14–4.

[3] Def.'s Resp. in Opp'n (Doc. 17).

[4] 28 U.S.C. § 2412(d)(1)(A).

1

reviewing the parties' submissions and the record in this case, the Court finds that Plaintiff is entitled to an attorney fee award pursuant to the EAJA.

On March 29, 1996, the statutory ceiling for EAJA fee awards was set at $125 per hour, and attorney fees cannot exceed this hourly rate unless the Court determines that a higher fee is justified based on an increase in cost of living or another special factor.[5] The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.[6]

The Eighth Circuit has stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees" in excess of the statutory ceiling, such as a copy of the Consumer Price Index.[7] Use of the CPI "should result in consistent hourly fee awards in each case, rather than producing disparate fee awards from each court within the district or from different districts within this circuit."[8] The Commissioner does not object to the requested hourly rate, which has been calculated using annual national CPI figures for 2022.[9] In light of the CPI information Plaintiff has submitted, the Court finds that the requested hourly rate is reasonable.

The Commissioner nevertheless contends that a reduction in hours is warranted. She first objects to billing entries totaling 2.25 hours that were spent, in part, preparing the *in forma pauperis* application and performing tasks related to the civil cover sheet and service of process.[10] The Commissioner suggests that the Court instead award only 0.5 hours for those entries. The

---

[5] *Id*. § 2412(d)(2)(A).

[6] *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir.1989).

[7] *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

[8] *Id*.

[9] Def.'s Resp. in Opp'n (Doc. 17) at 2.

[10] Specifically, the Commissioner challenges entries dated 4/3/22, 4/15/22, 4/25/22, 5/9/22, 5/11/22, 5/17/22, and 7/31/22.

Court has reviewed the contested entries. The entry dated 4/3/22 represents 0.5 hours spent on client correspondence and does not strike the Court as unreasonable. However, the remaining entries represent 1.75 attorney hours spent setting up a client appointment, reviewing the IFP Motion, "re-reviewing" the administrative decision, drafting the complaint, drafting the summons and civil cover sheet, troubleshooting the filing of the civil cover sheet, providing instruction to paralegals, reviewing and signing service letters, and reviewing affidavits of service. Beyond drafting the complaint, most of this work is clerical and not compensable (or only nominally so).[11] The Court will accordingly reduce Plaintiff's award by 0.75 attorney hours.

Next, the Commissioner challenges the number of hours spent preparing the Plaintiff's appeal brief. Plaintiff's counsel seeks compensation for 23.25 hours spent on this task.[12] The Commissioner requests a reduction to 18.0 hours because Plaintiff's attorney was already familiar with the case at the administrative level, the brief was only 20 pages long, and the issues on appeal were non-complex. At least one prior decision from this district has noted that an attorney may reasonably spend 15 to 20 hours preparing a typical brief on appeal.[13] The Court generally agrees with the Commissioner's reasoning, but notes that the administrative record in this case was particularly voluminous. Given the size of the record, Plaintiff's counsel is entitled to an award at the high end of that range. The Court will therefore reduce the award by only 3.25 hours.

The Commissioner also seeks a reduction in the number of hours spent preparing the Plaintiff's request for attorney's fees. Plaintiff's attorney has requested compensation for 2.0 hours

---

[11] *See Granville House, Inc. v. Dept. of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (holding that work which could have been completed by support staff is not compensable under the EAJA).

[12] The Commissioner tallied up 22.75 hours for brief writing but did not identify specific billing entries at issue. Based on the Court's math, 23.25 attorney hours were allocated to this task.

[13] *McCarty v. Astrue*, No. 4:11-cv-00022, 2012 WL 2571229, at *3 (E.D. Ark. July 2, 2012) (citing *Kramer v. Apfel*, 57 F. Supp. 2d 774, 775 (S.D. Iowa 1999)).

to prepare the EAJA petition.  The Commissioner argues the Court should award 1.50 hours for this entry, which is in line with a prior award this Court granted to Plaintiff's counsel.[14]  In the case cited by the Commissioner, the Court found that "[i]dentical filings are routinely prepared in the course of counsel's practice.  Very few changes needed to be made, and the only truly unique portion was the itemization of time that was expended."[15]  Similar circumstances govern this case, and the Commissioner's objection is well-taken.  The Court will reduce this entry by 0.50 hours.

Finally, the Court notes that Plaintiff's counsel seeks compensation for 33.25 hours of work, but only 32.25 hours are accounted for in the billing records.  The Court will reduce the award by 1.0 attorney hours to account for the discrepancy.

Based on the above, the undersigned awards Plaintiff attorney fees under the EAJA for 27.75 hours at a rate of $235.  Plaintiff is thus awarded $6,521.25 in attorney fees pursuant to the EAJA.  Consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), payment of the fees should be issued by check to the order of Plaintiff, in care of her attorney, and mailed directly to Plaintiff's attorney.

IT IS SO ORDERED this 2nd day of March 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[14] *See* Order (Doc. 24), *Eoff v. Kijakazi*, No. 4:20-cv-708, 2022 WL 2290495, at *2 (E.D. Ark. Apr. 28, 2022).
[15] *Id*.